# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

ATTORNEYS AT LAW

| | | |
|---|---|---|
| LIVIU VOGEL*<br>Partner<br><br>lvogel@salonmarrow.com<br>direct dial (646) 843-1909<br><br>*also admitted in Connecticut | 292 MADISON AVENUE • NEW YORK, NY 10017<br><br>Telephone (212) 661-7100<br><br>Facsimile (212) 661-3339 | One University Plaza, Suite 408<br>Hackensack, NJ 07601<br>Telephone (201) 662-0656<br>Facsimile (201) 487-9054<br><br>257 Lyons Plains Road<br>Weston, CT 06883<br>Telephone (203) 227-0023<br>Facsimile (646) 843-1910<br><br>800 Corporate Drive, Suite 208<br>Ft. Lauderdale, FL 33334<br>Telephone (954) 491-0099<br>Facsimile (954) 491-1544 |

November 26, 2012

Via Federal Express

Honorable Shira A. Scheindlin
United States District Judge
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/28/12

    Re:    Peterson v. Standard Chartered Bank;
             Case No.: 12 civ. 6257 (SAS)

Dear Judge Scheindlin:

    This firm represents the Peterson Plaintiffs in the referenced action. I write in response to the letter of Joseph E. Neuhaus, attorney for Standard Chartered Bank, dated November 20, 2012.

    The plaintiffs disagree that the referenced action is a "related case" to the two cases referred to by Mr. Neuhaus: *Peterson v. Islamic Republic of Ian*, 10 civ. 4518 (KBF) ("Citibank Case") *and In re: 650 Fifth Avenue and Related Properties*, 08 civ. 10934 (KBF) ("Fifth Avenue Case"). While both of the cases pending before Judge Forrest involve a claim by the Peterson Plaintiffs for a turnover of assets to satisfy their judgment, the two cases are not themselves related to each other. At the time that the Peterson Plaintiffs filed their summons and complaint in the action against Standard Chartered Bank, the Citibank and the Fifth Avenue cases were assigned to different judges. The Citibank Case was assigned to Judge Jones and the Fifth Avenue case was assigned to Judge Forrest. To my knowledge, the Citibank Case was not reassigned to Judge Forrest because it is a "related case".

*For the reasons articulated in this letter, I decline to transfer the above-captioned case as related to either 10 Civ. 4518 or 08 Civ. 10934.*

*So Ordered.* [signature] USDJ 11/28/12

# SALON MARROW DYCKMAN NEWMAN & BROUDY LLP

Page 2

The case of *Bank of Tokyo Mitsubishi UFJ, Ltd. v. Peterson*, 12 civ. 04038 was referred to Judge Jones because the Peterson Plaintiffs had served a restraining notice and secured an execution to enforce their judgment against assets of The Bank of Tokyo Mitsubishi based upon an Order previously issued by Judge Jones.

In contrast, the case of *Peterson v Standard Chartered Bank* is not an enforcement action brought against a garnishee holding assets of the judgment debtor. Instead, the plaintiffs have asserted a cause of action for damages against Standard Chartered Bank for tortious interference with enforcement of the plaintiffs' judgment. None of the multitude of other judgment creditors of Iran who are parties to the Citibank or Fifth Avenue cases are parties to the instant case. Consequently, the issues and parties in the instant case are completely different from any involved in the cases pending before Judge Forrest.

Rule 13 of the Rules for the Division of Business among District Judges of the Southern District, requires a judge determining whether cases are "related cases" to consider "whether (i) a substantial saving of judicial resources would result; or (ii) the just, efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served." Moreover, "a congruence of parties or witnesses or the likelihood of a consolidated or joint trial or joint pre-trial discovery may be deemed relevant."

The Plaintiffs respectfully suggest that none of the foregoing factors are present such that a transfer of the case as a "related case" is warranted. The Order of Judge Patterson, dated June 10, 2010 in the case of *Levin v. Bank of New York, et al.*; 09 cv 5900 (RPB), another enforcement action against a garnishee in which the Peterson Plaintiffs were joined as third-party defendants, is instructive. A copy of the Order is attached hereto. The Levin case remains assigned to Judge Patterson despite the efforts by other judgment creditors to consolidate the Levin Case with the Citibank Case. In the Order, Judge Patterson rejected consolidation finding that, "there is no reason to include the Clearstream assets [from the Citibank Case] in this action at this time and consolidation with other cases in this Court would reduce, not enhance, judicial efficiency at this stage." Because the issues in this tort case against Standard Chartered Bank are very different from those that would be encountered in a judgment enforcement proceeding, there is no rational basis for transferring this case to Judge Forrest.

Respectfully submitted,

Liviu Vogel

Attachment
LV:rcj
cc: Joseph E. Neuhaus, via e-mail

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/10/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MR. JEREMY LEVIN and DR. LUCILLE LEVIN,

                 Plaintiffs

    - against -

BANK OF NEW YORK, JP MORGAN CHASE,
SOCIETE GENERALE and CITIBANK,

                 Defendants.
-------------------------------------------------------------X
BANK OF NEW YORK, JP MORGAN CHASE,
SOCIETE GENERALE and CITIBANK,

                 Third-Party Plaintiffs
    - against -

STEVEN M. GREENBAUM, et al.

                 Third-Party Defendants.
-------------------------------------------------------------X

09 CV 5900 (RPP)

**ORDER**

**ROBERT P. PATTERSON, JR., U.S.D.J.**

        The Court has received correspondence from Stroock & Stroock & Lavan LLP, counsel for certain third-party defendants collectively referred to as the "Greenbaum Judgment Creditors" and the "Acosta Judgment Creditors," dated May 28 and June 8, 2010 and correspondence from counsel for Plaintiffs dated June 1, 2010.

        The Court order authorizing third-party interpleader complaints and/or petitions by defendants dated January 11, 2010 (the "1/11/10 Order") divided this proceeding into two phases. Phase 1 involves a determination of Plaintiffs' right to execute and collect on the assets identified by Plaintiffs' counsel in Exhibits A, B, C and D (one exhibit corresponding to assets held by each of the four defendant banks) to the 1/11/10 Order (the "Phase 1 Assets"). The Phase 1 Assets consist of a subset of the total assets at issue

in this case, which are listed in Exhibit D to Plaintiffs' Complaint dated June 22, 2009 (the "Blocked Assets"). While Exhibit D is redacted in public filings to eliminate identifying information and balances of the specific accounts and blocked funds at issue, the document is a list obtained from the Office of Foreign Assets Control ("OFAC") of "Assets blocked by entities in the United States due to a nexus with a designated entity of Iran (January 1, 2007 through June 30, 2008)" that are held by the four defendant banks. The same information was provided by OFAC directly to certain third-party defendant judgment holders in this action, including the Greenbaum Judgment Creditors. (See Complaint dated June 22, 2009, Exhibit B.)

Because the defendant banks indicated they had received notice that led them to believe that third-party judgment holders such as the Greenbaum Judgment Creditors and the Acosta Judgment Creditors might have claims against the Phase 1 Assets, they were authorized to serve third-party complaints.

Phase 2 involves "some or all of the other blocked account balances, wire transfer proceeds, funds and assets held by Defendants *that fall within the scope of the relief sought by Plaintiffs in their complaint as identified by Plaintiffs.*" (1/11/10 Order ¶ 1 (emphasis added).) Therefore pursuant to the case management plan set out by the Court, Phase 1 and Phase 2 together involve only the Blocked Assets as defined and limited by Plaintiffs' Complaint dated June 22, 2009.

Plaintiffs Complaint does not include "some several billion dollars" in a blocked account referred to as the "Clearstream Assets," of which Plaintiffs and this Court have recently become aware. (See June 1, 2010 Letter from Suzelle M. Smith at 3.) While the Acosta Judgment Creditors seek to expand the scope of the assets at issue in this action to

2

"all assets in which Iran and MOIS have an interest" (June 8, 2010 Letter from James L. Bernard), prior to counterclaims purporting to add additional blocked assets to this action, the Clearstream Assets were not part of this action and were not contemplated by the case management plan put in place by the Court. Phase 1 of this action involves a discrete, manageable set of funds with respect to which Plaintiffs have been prepared to move for summary judgment and turnover since December 2009. There is no reason to include the Clearstream Assets in this action at this time and consolidation with other cases in this court would reduce, not enhance, judicial efficiency at this stage. After the conclusion of Phase 1, third-party defendants may renew and other parties may support or oppose their application to include the Clearstream Assets (or other assets in which Iran may have an interest) in this action. However, the Clearstream Assets are included in one or more actions before other judges of this Court.

Plaintiffs were allowed to proceed with respect to the Phase 1 Assets because they are elderly individuals, and if the proceeding involved all assets of the defendant banks in which Iran has any direct or indirect interest, this action would become so unwieldy as to prevent Plaintiffs' recovery of any portion of their judgment during their lives. Plaintiffs believe they have perfected their liens against the specific assets at issue in this action under N.Y. C.P.L.R. § 5230, *et seq.*, and thus have a priority to recover judgment after notice to all parties similarly situated.

It appears that the only issue in Plaintiffs' anticipated motion for summary judgment will be whether Plaintiffs have established a priority interest in the Phase 1 Assets or whether any third-party defendant judgment holder has obtained a priority interest over the interest asserted by Plaintiffs (see N.Y. C.P.L.R. § 5234), and that third-

party defendant judgment holders would likely have no incentive to oppose Plaintiffs' presentation of evidence linking the Phase 1 Assets to Iran or its instrumentalities. Under these circumstances the need for discovery by parties to this proceeding should be rendered inapplicable and unnecessary. To the extent third-party defendants believe they require discovery, they are capable of serving discovery requests under the Federal Rules of Civil Procedure and any such request should be limited to the issue of any third-party defendant judgment holder's priority to the Phase 1 Assets relative to Plaintiffs. A conference with the Court to discuss discovery and the possibility of consolidation is not necessary at this time and this case will proceed in accordance with previous orders of the Court.

IT IS SO ORDERED.

Dated: New York, New York
       June 10, 2010

_____
Robert P. Patterson, Jr.
U.S.D.J.



Copies of this order were sent to:

Suzelle Smith
Howarth & Smith
523 West Sixth Street, Suite 728
Los Angeles, CA 90017
Fax: 213-622-0791
(via fax and ECF)

Howard B. Levi
J. Kelley Nevling, Jr.
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, NY 10036
Fax: 212-308-8830
(via fax and ECF)

Sharon L. Schneier
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019
Fax: 212-489-8340
(via fax and ECF)

Mark G. Hanchet
Christopher J. Houpt
Mayer Brown LLP
1675 Broadway
New York, NY 10019
Fax: 212-849-5695
(via fax and ECF)

Curtis Campbell Mechling
Jeremy Sage Rosof
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Fax: 212-806-2609

All counsel of record for third-party defendants
(via ECF)



UNITED STATES DISTRICT COURT
United States Courthouse
500 Pearl Street
New York, NY 10007

Chambers of
Robert P. Patterson, Jr.
District Judge

**FACSIMILE COVER SHEET
CANON L71 0**

TEL. NUMBER: 212-805-0238
FAX NUMBER: 212-805-7917

**DATE:**       June 10, 2010

**Case:**        Jeremy Levin, et al. v. Bank of New York, et al.
**Index No.**   09 Civ. 5900 (RPP)

| TO: | | |
|---|---|---|
| Suzelle M. Smith | | Fax: 213-622-0791 |
| Howard B. Levi/ | | |
| J. Kelley Nevling, Jr. | | Fax: 212-308-8830 |
| Sharon L. Schneier | | Fax: 212-489-8340 |
| Mark G. Hanchet/ | | |
| Christopher J. Houpt | | Fax: 212-849-5695 |
| Curtis C. Mechling/ | | |
| Jeremy Safe Rosof | | Fax: 212-806-2609 |

**FROM:   JUDGE PATTERSON'S CHAMBERS**

There are _6_ pages being transmitted, including this cover page. If there are any questions, please call 212-805-0238.

